MAY 25, 1954

**No. 58132.**—SUIT 4770.—United States *v.* Milton Diamond and Massce-Barnett Co., Inc.

Abstract 56994 affirmed April 9, 1954. C. A. D. 561.

**No. 58133.**—SUIT 4772.—C. J. Tower & Sons *v.* United States. C. D. 1498 affirmed February 3, 1954. C. A. D. 550.

**No. 58134.**—SUIT 4781.—United States *v.* E. Dillingham, Inc.

C. D. 1518 affirmed March 23, 1954. C. A. D. 555.

BEFORE THE FIRST DIVISION, JUNE 3, 1954

**No. 58135.**—F. W. Woolworth Co. et al. *v.* United States, protests 78369–K, etc. (Boston).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that certain items of the merchandise marked "A" consist of figures or articles, composed wholly or in chief value of papier mâché, the same in all material respects as those the subject of Abstract 56975, the claim at 25 percent under paragraph 1403 was sustained. Other items marked "B," stipulated to consist of articles, composed wholly or in chief value of wood, the same in all material respects (except the component material in chief value) as the merchandise involved in said Abstract 56975, were held dutiable at 33⅓ percent under paragraph 412, as claimed.

**No. 58136.**—F. B. Vandegrift & Co., Inc. *v.* United States, protest 186317–K (Philadelphia).

Opinion by OLIVER, C. J. It was stipulated that for duty purpose the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content Under T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.